*365 OPINION OF THE COURT
Robert G. Hurlbutt, J.
Petitioner, by writ of habeas corpus, seeks vacatur of the parole warrant under which he is detained by the Superintendent of the Oswego County Jail, on the basis that his detention is illegal because he was not afforded a final revocation hearing within the 90 days required by Executive Law § 259-i (3) (f) (i). Petitioner’s final revocation hearing is, in fact, scheduled to be held on April 23, 1992.
Petitioner was convicted in New York State of two counts of robbery, first degree, and burglary, second degree, in 1984. He was sentenced to 5 to 15 years, and was released on parole to supervision in the State of Florida on May 9, 1989. While on parole in Florida, petitioner committed a felony for which he was convicted and sentenced to two years in the Florida Department of Corrections. On October 29, 1990 he was released from custody prior to commencement of service of the Florida sentence. He then absconded, returned to New York State, and on June 17, 1991 was arrested on a Florida fugitive warrant and remanded to the Oswego County Jail to await extradition. On June 18, 1991 parole authorities lodged a parole violation warrant and scheduled a final revocation hearing for August 1, 1991. A preliminary revocation hearing was not required because petitioner was convicted of a new crime while under parole. Petitioner waived extradition and on June 27, 1991 he was extradited to the State of Florida to serve his Florida sentence. A detainer warrant was lodged with Florida authorities by New York State Division of Parole. After serving his Florida sentence, petitioner was detained in Florida on the New York warrant from February 18 to February 27, 1992, when he was returned to New York. The final revocation hearing was scheduled March 24, 1992 and adjourned at the request of the Division of Parole to April 23, 1992.
The petition for a writ of habeas corpus was brought in the first instance by petitioner, pro se. An attorney was appointed to represent petitioner and an adjournment was granted on the return date to afford both parties time to make submissions of law. Petitioner argues that the final revocation hearing required to be scheduled within 90 days of probable cause determination pursuant to Executive Law § 259-i (3) (f) (i) was, in this case, required to be afforded within 90 days of June 18, 1992, the date on which the warrant on the parole violation *366 was lodged. It is argued that the failure to afford the hearing within the statutory time renders the delay unreasonable per se, and petitioner is entitled to be restored to parole status.
The Division of Parole argues that, because petitioner was arrested on June 17, 1991 and held on the Florida warrant subject to extradition at any time, he was never within the convenience and control of parole authorities, not even for the nine days he was physically in New York State awaiting extradition. Even in the event it is concluded that those nine days are chargeable to the Division in calculating the timeliness of petitioner’s final revocation hearing, it is argued, petitioner was extradited on the prior warrant and detained outside the State of New York as of June 27, 1991, at which point the statutory time period was tolled. Counsel argues that, once petitioner was detained in Florida on Florida process, petitioner was in the same status as any parolee who must be afforded a final hearing within 90 days of the date of his return to New York State pursuant to Executive Law § 259-o (4). Counsel for Division of Parole calculates time chargeable to the Division to include, at most, the nine days from June 18, 1991 to June 27, 1991, and the 66 days from February 18, 1992 (the time of petitioner’s return to New York) to April 23,1992 (scheduled final hearing date).
Petitioner’s attorney argues that the Division of Parole had a duty to take steps to delay or otherwise interfere with the extradition process in order to keep petitioner in New York long enough for the parole revocation proceedings. The Division of Parole denies that it has any duty to interfere with extradition, particularly where petitioner waived proceedings, and further argues that it is not authorized or empowered to delay extradition process.
I find no support in the law for the contention that there was a duty on the part of the Division of Parole to attempt to interfere with or halt the extradition process. Further, there is no case on point offering precedent in the apparently unique circumstances presented in this case. Here, petitioner was arrested in New York on a fugitive warrant from the "receiving State”, i.e., the State to which he was released on parole, and, upon waiver of extradition, was removed to Florida within nine days of his arrest. Prior to his removal to Florida, while he was being detained under the Florida warrant, the New York parole revocation warrant was lodged. If petitioner had been arrested in Florida on the Florida warrant, the circumstances would clearly be governed by Execu *367 tive Law § 259-o, and the time for provision of the final revocation hearing would not commence to run until he was returned to New York on the parole revocation warrant. I can find no reason why the same result should not obtain here, where the only difference between this petitioner and one arrested outside New York State on another State’s warrant is that this petitioner was actually present in New York State for nine days. This difference can be accommodated by charging the Division of Parole with that nine days.
On a purely constitutional analysis, the lodging of the parole revocation warrant after his arrest on the Florida warrant had no effect upon petitioner’s status as a detainee of Florida, and in no way operated to deprive petitioner of his liberty. In Moody v Daggett (429 US 78), the Supreme Court held that, where a parole revocation warrant is lodged with an institution detaining the parolee for crimes committed while on parole, due process requires only that a hearing be afforded within a reasonable time (a statutory 90 days in New York) after the warrant is executed and the parolee is taken into custody on the parole warrant. (Supra, at 87.) Under Moody (supra), the requirement for provision of a hearing to protect the petitioner’s due process right did not come into play until the detainer warrant operated to deprive him of liberty upon his release from incarceration in Florida. On the Moody analysis, the parole revocation warrant was not "executed” as to petitioner until he was detained on such warrant on February 18,1992.
A divided court in People ex rel. Gonzales v Dalsheim (52 NY2d 9), held that a parole violation warrant is executed as of the date it is lodged, even where the parolee is, at the time, incarcerated outside New York State. The Gonzales holding was made purely upon a statutory analysis, and not on a constitutional basis. The statutes (Executive Law art 12-B) on which the Gonzales decision was based were amended by the Legislature in 1984 to change the Gonzales rule and to relieve the Division of Parole from the burden of showing a parolee to be without its convenience and control when incarcerated upon independent criminal charges in another State. The amendment to Executive Law § 259-i provides that, where a parolee is detained in another State, the parole revocation warrant is not deemed executed until the parolee is detained exclusively thereon and he has waived extradition or been ordered extradited. Executive Law § 259-i (3) (a) (iv) and the amendment to Executive Law §259-o provide that parole *368 violators subject to interstate compact who are incarcerated in the receiving State "must be afforded a final hearing within ninety days from the date of his return to [New York] state.” (Executive Law § 259-o [4].)
The 1984 statutory amendments were enacted to relieve the burden placed on the Division of Parole by the decision in Gonzales (supra) (Executive Mem re L 1984, ch 435, 1984 McKinney’s Session Laws of NY, at 3294). Relief was afforded by amending the statute to eliminate "the fiction which deems that alleged violators incarcerated outside of New York are under the control of the Division.” (Id., at 3295.) Executive Law § 259-o, which provides that where the parolee is incarcerated in the receiving State, the final revocation hearing is not required to be held until after he is returned to New York, governs this case from the point at which petitioner was transferred to Florida until he was returned on February 27, 1992. There is no compelling constitutional argument requiring a contrary conclusion and, in fact, Moody v Daggett (429 US 78, supra) compels the conclusion that the petitioner in this case has been afforded due process in having his hearing conducted 56 days after his return to New York, or 65 days after he was held on the parole revocation warrant alone. In the absence of any clear statutory language governing the facts in the instant case, the legislative scheme, as evidenced by the 1984 amendments to the Executive Law, requires that the Division of Parole be relieved of the requirement that a final revocation hearing be afforded petitioner within 90 days of lodging of the warrant, at the point where petitioner was extradited to Florida. At that point, Executive Law § 259-o governs and a hearing is not required to be afforded until 90 days (in this case, 81 days) after he is returned to New York. Petitioner’s hearing, scheduled for April 23, 1992, is timely. The writ of habeas corpus is denied and the petition is dismissed.